# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. WICKERSHAM, | 1:05-cv-01114 OWW LJO |
| Plaintiff, | ORDER AFTER SCHEDULING CONFERENCE |
| v. | Defendants' Opposition to SJ and any Motion for Abstention: 1/31/06 |
| HILARY W. CLARK, CHRISTOPHER W. CLARK, CHARLES K. CLARK, HADLEY E. CLARK and EDWARD HUFF, Interim Trustee of the GT Turnbow Trust, | Plaintiff's Reply re SJ & Opposition re Abstention: 2/13/06 |
| Defendants. | Defendants' Reply re Abstention: 2/20/06 |
| AND RELATED COUNTERCLAIMS | Hearing on all Motions: 2/27/06 9:00 Ctrm. 3 (7th Floor) |

I.   Date of Scheduling Conference.

   January 5, 2006.

II.  Appearances Of Counsel.

   Jones Vargas by John Desmond, Esq., and Kimble, MacMichael & Upton by Douglas Tucker, Esq., appeared on behalf of Plaintiff.

   Dean A. Morehous, Esq., appeared on behalf of the Clark Defendants.

   Paul Hastings LLP by Kevin C. McCann, Esq., appeared on

1

1  behalf of Edwin D. Huff, Interim Trustee of the Grover D. Turnbow
2  Trust.
3  III.   Summary of Pleadings.
4     1.   Plaintiff: Plaintiff contends that he has an
5  unrestricted right to sell, exchange or otherwise dispose of his
6  shares of stock in a California corporation known as Triangle T
7  Ranch, Inc. ("Triangle T").  Plaintiff's position is more fully
8  set out in his motion for summary judgment currently on file with
9  this Court.  Triangle T is a Subchapter S corporation for federal
10 income tax purposes.  The shareholders of Triangle T unanimously
11 elected Subchapter S status in or about December 1986.  Plaintiff
12 wishes to sell or exchange a portion of his shares for an
13 interest in a Nevada limited partnership known as Glenbrook
14 Capital Limited Partnership ("Glenbrook").  There is no dispute
15 that a sale or exchange of plaintiff's shares would change
16 Triangle T's federal income tax status to that of a C
17 corporation.  Plaintiff contends that there is no valid express
18 or implied shareholder agreement which prevents or restricts him
19 from selling or exchanging his shares with Glenbrook.  Plaintiff
20 further contends that there is no fiduciary duty or other
21 restriction owed under California law prohibiting him from
22 engaging in a transaction with Glenbrook.  Plaintiff seeks a
23 declaration from this Court that (a) Triangle T common shares are
24 unrestricted; (b) the Triangle T shareholders do not have
25 fiduciary duty to one another to refrain from transferring
26 Triangle T stock to an entity that is not a Subchapter S eligible
27 shareholder; and (c) transfer of Triangle T shares to a
28 Subchapter S ineligible purchaser will not cause the transferring

2

shareholder to incur liability to the shareholders of Triangle T. Plaintiff filed this action for declaratory relief to go forward with a sale because of threats by Defendants that they would file suit if the transaction was consummated.

2. Defendants contend that California law prohibits Plaintiff from unilaterally entering into a transaction that would cause Triangle T to convert from a Subchapter S corporation to a C corporation. Defendants contend California law imposes a fiduciary duty on plaintiff preventing him from exercising unilateral "control" over the corporation's tax destiny irrespective of his status as a minority shareholder in Triangle T. Defendants further contend that:

- there is an agreement or understanding among Triangle T shareholders that unless and until the shareholders of Triangle T decide to dispose of the corporation, shares of Triangle T should be held only by family members;

- there is an agreement or understanding among Triangle T shareholders to restrict Triangle T share ownership to members of the Wickersham family, unless and until the shareholders of Triangle T decide to dispose of the corporation;

- an agreement or understanding was made among Triangle T shareholders at or about the time the shareholders (including Plaintiff) unanimously elected that Triangle T would become an S corporation for federal income tax purposes and that such status would be retained indefinitely and no shareholder acting unilaterally or in combination with less than all the shareholders

3

    would take any action to change Triangle T's Subchapter S tax status;

- the loss of Subchapter S tax status that would occur by virtue of plaintiff's proposed sale or exchange of his Triangle T shares to Glenbrook would cause substantial financial harm to all Defendants, including the Turnbow Trust and the minor children of Plaintiff and Grover T. Turnbow;
- Plaintiff's proposed transaction with Glenbrook is not being undertaken for a *bona fide* business purpose, but is instead in furtherance of an attempt to control Triangle T by Plaintiff and his brother Grover T. Wickersham.

IV. Orders Re Amendments To Pleadings.

  1. The parties do not anticipate filing any amendments to the pleadings at this time.

V. Factual Summary.

  A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

    1. Triangle T and its shareholders unanimously elected to become a Subchapter S corporation in or about December 1986.

    2. All Triangle T shareholders agreed to a plan of recapitalization and approved resolutions and consents for the purpose of securing the benefits of Subchapter S status in or about December 1986.

    3. Plaintiff's proposed sale or exchange of his Triangle T shares as alleged in his complaint would cause

4

Triangle T to lose its Subchapter S tax status.

    4.    Plaintiff's attorney's fees and litigation expenses in this matter are being borne in whole or in part by Glenbrook Capital LP.

    5.    The Triangle T Articles of Incorporation do not expressly recite any restriction on the transferability of shares.

    B.    Contested Facts.

    1.    There is neither an agreement or understanding among the Triangle T shareholders in existence currently which restricts the sale of Triangle T stock nor has there ever been such an agreement or understanding.

    2.    The shareholders of Triangle T have agreed or have an understanding that no shareholder acting unilaterally or in combination with less than all the shareholders would take any action that would cause Triangle T to lose its Subchapter S status.

    3.    Loss of Triangle T's Subchapter S status would cause substantial financial harm to the Triangle T shareholders, including all defendants and the Turnbow Trust.

    4.    Plaintiff's proposed transaction with Glenbrook has "economic substance" as alleged in plaintiff's complaint.

    5.    Glenbrook is a *bona fide* "legitimate third party purchaser" of Triangle T's shares as alleged in plaintiff's complaint.

    6.    Plaintiff has "at all times acted in good faith" in securing a buyer for his shares as alleged in his complaint.

    7.    Plaintiff exercises "control" over Triangle T's

tax status within the meaning of California Corporations Code section 160(a) with respect to any sale, transfer, or exchange of Triangle T shares with Glenbrook as proposed in his complaint.

8. Grover T. Wickersham was previously party to a buyback agreement or restriction designed to prevent his Triangle T stock from being acquired by a person or entity other than a member of the Wickersham family.

9. Grover T. Wickersham's shares in Triangle T were subject to buyback restrictions designed to keep Triangle T from being acquired by persons or entities outside of the Wickersham family.

10. The Triangle T board of directors approved the buyback restrictions applicable to Grover T. Wickersham's Triangle T shares.

11. The California Superior Court for the County of Alameda has assumed control over the property at issue in this case and the broader issues implicated by any disposition or sale of Triangle T stock by any party to this action.

12. Glenbrook is controlled by plaintiff's brother, Grover T. Wickersham or an entity under his control.

VI. Legal Issues.

A. Uncontested.

1. Although the parties agree that if this case should be heard and the court should not discretionarily abstain from the case, that diversity jurisdiction exists in the court, the defendants believe that this case is one that is appropriate for discretionary abstention and they intend to bring this issue before the court. Defendants further contend that

plaintiff's action in this court is designed to preempt and usurp proceedings in the probate department of the California Superior Court for the County of Alameda.  Defendants therefore contend that this Court's exercise of jurisdiction in this diversity case would improperly interfere with the jurisdiction of the Superior Court.

2.    All of the parties before this Court are Triangle T shareholders and each of those persons are already subject to the jurisdiction of the Superior Court, including those persons identified as "non-participating shareholders" in plaintiff's complaint over whom this Court has no jurisdiction whatsoever. In addition, the Superior Court already has assumed control and jurisdiction over the single largest block of Triangle T stock (*i.e.*, 42%) and made an order which expressly addresses that stock.  The relief sought by the plaintiff in this case would indisputably have an impact on the value and tax status of an asset already properly within the control and jurisdiction of the probate department of the Superior Court.

3.    Defendants contend that this case should be dismissed for lack of subject matter jurisdiction or alternatively that the Court should abstain from exercising its jurisdiction in deference to the Superior Court or stay this action until such time as proceedings in the Superior Court which will invariably affect the stock of Triangle T and its shareholders have been concluded.  Dismissal, abstention or a stay are warranted under the "probate exception" to diversity jurisdiction recognized by the United States Supreme Court in *Markman v. Allen*, 326 U.S. 490, 493-95, 66 S.Ct. 296 (1945).

Permitting this case to proceed to judgment poses a substantial danger of interference with the jurisdiction of the Superior Court over the parties presently before this Court and the value of property which is expressly subject to the Superior Court's ongoing administration.

4.   On August 29, 2005, prior to the commencement of this action, the Superior Court entered an order directing the Trustee defendant, Edwin Huff, to submit a verified report to the Superior Court analyzing the propriety of the Turnbow Trust's continued holding of Triangle T shares under state law.  The Trustee defendant has now submitted his declaration to the Superior Court and recommended that the Turnbow Trust and its beneficiaries would be benefitted by a diversification process achieved through a sale of Triangle T's assets (or by a sale Triangle T as a going concern) pursuant to a plan of liquidation that would capture the benefits of Subchapter S of the Internal Revenue Code.  Plaintiff's action, because it seeks approval for a transaction that would indisputably change the tax status of Triangle T, necessarily interferes with the Trustee defendant's recommendations undertaken at the express direction of the Superior Court.  Defendants therefore contend that the Court should either dismiss this action outright or abstain from exercising its diversity jurisdiction because the relief sought by plaintiff would interfere with prior and ongoing proceedings in the Superior Court.

5.   Defendants contend that the exercise of jurisdiction in this case would, among other things, interfere with:

8

- property over which the Superior Court has already assumed jurisdiction;
- the Superior Court's order of August 29, 2005, and the appropriate manner of diversifying the holdings of the Turnbow Trust which include the single largest block of Triangle T shares;
- the lawful exercise of the Trustee defendant's discretion as a fiduciary for all beneficiaries of the Turnbow Trust, all of whom are also Triangle T shareholders;
- the report of the Trustee defendant which has been filed in the Superior Court which directly concerns the Turnbow Trust and its shares in Triangle T; and
- proceedings in the Superior Court by posing the danger of a verdict herein which would substantially erode and injure the value of property over which the Superior Court has already asserted its lawful jurisdiction.

6. If jurisdiction exists in the Federal Court, there is no dispute that the Eastern District of California as the proper venue for the case.

B. Contested.

1. The parties disagree as to the existence of a fiduciary duty under California law concerning the ability of a shareholder of a closely held Subchapter S corporation, to take an action or engage in a transaction that would change the tax status of a corporation from a Subchapter S corporation to a C

9

corporation.  The parties agree that there is no California Supreme Court authority squarely addressing this issue. Plaintiff contends that under California law, restrictions on the transferability of shares are required to appear conspicuously on the stock certificates.  Defendants dispute that restrictions on the transferability of shares must appear conspicuously on the stock certificates.  In any event, defendants contend that the absence of such a legend cannot relieve a shareholder of a fiduciary duty not to unilaterally destroy Subchapter S status enjoyed by the corporation and all of its shareholders.

    2.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   In view of the dispute over whether or not abstention for lack of subject matter jurisdiction applies in this case, the following schedule for the hearing of motions directed to the issue of abstention and the summary judgment currently filed by plaintiff is amended as follows:

       a.    Defendants' opposition and any motion for abstention to be filed by January 31, 2006.

       b.    Plaintiff's reply to defendants' opposition to summary judgment and opposition to motion for abstention to be filed on or before February 13, 2006.

       c.    Defendants' reply to any motion for abstention, only, shall be filed on or before February 20, 2006.

       d.    All motions shall be heard on February 27, 2006, at the hour of 9:00 a.m. in Courtroom 3, Seventh Floor, of the new United States Courthouse located at 2500 Tulare Street, Fresno, California.

       e.    Following hearing and decision on the motions, a further scheduling conference in this case shall be held.

SO ORDERED.

DATED:   January 5, 2006.

                                             /s/ OLIVER W. WANGER
                                                Oliver W. Wanger
                                     **UNITED STATES DISTRICT JUDGE**

dlp/wickersham v. clark sch con